# EXHIBIT  A

STATE OF SOUTH DAKOTA )    IN CIRCUIT COURT
                       :ss
COUNTY OF LINCOLN )         SECOND JUDICIAL CIRCUIT

SUSAN J. O'MEARA HERNES,              CIV. _____
        Plaintiff,

v.                                   **SUMMONS**

INTEX RECREATION CORP.,

        Defendant.

THE STATE OF SOUTH DAKTOA SENDS GREETINGS TO THE ABOVE-NAMED DEFENDANT:

YOU ARE HEREBY SUMMONED AND REQUIRED to answer the Complaint of the Plaintiffs herein, a copy of which is hereto attached and herewith served upon you, and to serve a copy of your Answer thereto upon the subscriber at his law office in the City of Sioux Falls, South Dakota, within thirty (30) days after the completed service of this Summons upon you, exclusive of the day of such service and, if you fail to answer as above required, judgment by default may be rendered against you as demanded in the Complaint.

Dated this _10_ day of June 2019.

**HEIDEPRIEM, PURTELL, SIEGEL AND HINRICHS, L.L.P.**

John R. Hinrichs (john@hpslawfirm.com)
101 West 69th Street, Suite 105
Sioux Falls, SD 57108
*Attorney for the Plaintiff*

| | | | |
|---|---|---|---|
| STATE OF SOUTH DAKOTA | ) | | IN CIRCUIT COURT |
| | :ss | | |
| COUNTY OF LINCOLN | ) | | SECOND JUDICIAL CIRCUIT |

| | |
|---|---|
| SUSAN J. O'MEARA HERNES, | Civ. _____ |
| Plaintiff, | **COMPLAINT** |
| vs. | -AND- |
| | **DEMAND FOR JURY TRIAL** |
| INTEX RECREATION CORP., | |
| Defendant. | |

COMES NOW the Plaintiff, Susan J. O'Meara Hernes, and for her Complaint against the above-named Defendant, does hereby state and allege as follows:

## PARTIES

1.

Plaintiff Susan J. O'Meara Hernes (hereinafter "Plaintiff") is a resident of Sioux Falls, Lincoln County, South Dakota.

2.

Defendant Intex Recreation Corporation (hereinafter "Defendant") is a corporation with headquarters in Long Beach, California. The Defendant is engaged in the business of distributing recreational equipment that includes, but is not limited to: airbeds and air pumps. The Defendant distributed or supplied the defective Fast-Fill Electric Air Pump that injured the Plaintiff. The Defendant deposited the defective air pump into the stream of commerce with the intent and knowledge they would be used in person throughout the United States, including the State of South Dakota.

## JURISDICTION AND VENUE

### 3.

This Honorable Court has jurisdiction over this action pursuant to S.D. Const. Art. §
5 and SDCL § 16-6-9.

### 4.

Venue is proper within the indicated judicial circuit under SDCL § 15-5-8.

## FACTS

### 5.

On June 18, 2018, the Plaintiff's eleven-year-old son was having a friend over to
Plaintiff's home in Sioux Falls, Lincoln County, South Dakota, for a slumber party

### 6.

Plaintiff spread out the family's Intex air bed so that it could be used by one of her
son's friends, and turned on the Intex Fast-Fill Electric Air Pump to inflate it.

### 7.

After just a few moments, the pump suddenly exploded, and sharp plastic shards shot
out, landing around the room.

### 8.

The Plaintiff was still standing over the pump and the explosion occurred so quickly
that she had no time to flinch, blink, or otherwise protect herself.

9.

One of the plastic shards shooting out from the air pump struck the Plaintiff in her left eye. This occurred in front of her sons, who are eleven and eight-years old, and their friend, who witnessed the explosion and injury.

10.

The Plaintiff's family had owned the Intex mattress and air pump for several months. It was still sealed in original packaging when the Plaintiff obtained it.

11.

The Plaintiff had no reason to expect that, without any warning, the pump could suddenly explode during normal use, flinging sharp plastic fragments around the room.

12.

Immediately after being struck in the eye, the Plaintiff experienced pain and the unpleasant sensation of something scratchy in her eye.

13.

The Plaintiff called the local hospital's Ask-a-Nurse number and the nurse told the Plaintiff to go the hospital immediately.

14.

At the Sanford Hospital emergency room, the Plaintiff was treated by Dr. Blake Gustafson where she had to endure having a fluorescein ophthalmic strip applied to her eye so that Dr. Gustafson could locate her injuries.

15.

Dr. Gustafson observed two scratches on her eyeball: one across the cornea and another, longer scratch below it.

16.

Dr. Gustafson prescribed an injection of Toradol and an erythromycin ophthalmic ointment for the Plaintiff to apply to her eye four times a day in order to avoid infection.

17.

Dr. Gustafson warned the Plaintiff that she could expect to experience discomfort and visions of foreign objects while her eye healed. Dr. Gustafson then directed the Plaintiff to see her eye doctor right away.

18.

The following day, the Plaintiff saw optometrist Dr. Jeffrey Browen at Advanced Family Eye Care in Sioux Falls. Dr. Browen noted that the Plaintiff was still experiencing discomfort, some blurry vision, and conjunctivitis in her left eye from the injury.

19.

Dr. Browen told the Plaintiff that the plastic shard had left a "divot" in her eyeball and confirmed Dr. Gustafson's findings of corneal abrasions.

20.

Dr. Browen prescribed an amniotic membrane to treat the injuries to the Plaintiff's eye, but noted that there was a danger that scar tissue could form on the Plaintiff's eye as it healed. The Plaintiff had to endure the placement of a membrane over her left eye, and then a bandage contact lens over the membrane.

21.

In addition, Dr. Browen replaced the erythromycin prescription with one for Maxitrol to combat the risk of an infection.

22.

On June 22, 2018 the Plaintiff returned to Dr. Browen for check-up and Dr. Browen noted that Susan's blurry vision and conjunctivitis had not been resolved and that the corneal abrasions were healing.

23.

There were still signs of the scratches to Susan's eye. Dr. Browen placed a second amniotic membrane and required Susan to continue to wear the bandage contact lens and begin to taper off the use of Maxitrol.

24.

During this time period, Susan suffered from severely diminished vision in her left eye.

25.

On June 25, 2018 the Plaintiff returned to Dr. Browen where he removed the bandage contact lens and noted that the treatment was complete.

26.

Even after the June 25 visit to Dr. Browen, the Plainitff still felt the uncomfortable sensation of feeling as if something was scratching her eye when she blinked.

27.

The Plaintiff followed up with Dr. Browen, he detected a damaged meibomian gland, a "hard cyst-like deposit" on that meibomian gland, and a corresponding small notch in her lower lid.

28.

Dr. Browen referred Susan to Vance Thompson Vision, where she was treated by Dr. Alison Tendler, an eye surgeon.

29.

Dr. Tendler confirmed Dr. Browen's findings and noted that these injuries were probably caused by the explosion of Fast-Fill Electric Air Pump on June 18.

30.

Dr. Tendler proceeded to remove the cyst from Susan's eye. The notch in her lower left eyelid remains.

31.

Following her cyst-removal surgery, the Plaintiff suffered a painful allergic reaction to the post-surgical gel that she was prescribed.

32.

This caused her eye to swell up and redden for several days, in addition to causing her a great deal of discomfort. As a result of the reaction, the Plaintiff required additional visits to Vance Thompson Vision.

6

33.

The Plaintiff's lasting injury from this incident includes a permanent notch in her lower eyelid.

34.

In addition, the Plaintiff continues to have unpleasant memories of the incident and the pain and discomfort that followed. She thinks about what would have happened if her son or one of his friends had been standing over the air pump instead of her, if she had been closer to the pump when it shattered, or if a larger or sharper shard had struck her eye. Plaintiff also thinks about the fact that her eleven-year-old and eight-year-old sons witnessed the injury to their mother.

## COUNT I
### PRODUCT LIABILITY
*Strict Liability for Unreasonably Dangerous Product*

35.

Plaintiff hereby realleges paragraphs 1-34 of this Complaint and hereby incorporates them as if fully set forth herein.

36.

The Defendant manufactured the Fast-Fill Electric Air Pump that was unreasonably dangerous to users and consumers like the Plaintiff.

37.

Since the Plaintiff and her family received the Fast-Fill Electric Air Pump in a sealed package, the unreasonably dangerous condition existed at the time if left the control of the Defendants.

38.

The Defendants expected the Fast-Fill Electric Air Pump to reach the ultimate user or consumer without any change in the condition in which they were sold, and they did so.

39.

The Plaintiff could not by the exercise of reasonable care have discovered the unreasonably dangerous condition of the Fast-Fill Electric Air Pump.

40.

The Plaintiff was unaware, before the occurrence, that Fast-Fill Electric Air Pump was defective and, therefore, unsafe for their intended use.

41.

The unreasonably dangerous condition of the Fast-Fill Electric Air Pump was the direct and proximate cause of serious and substantial injuries to the Plaintiff, including, but not limited to, painful procedures to locate injuries; a divot in the eyeball; corneal abrasions; a permanent notch in the eyelid; diminished vision; an allergic reaction; past, present, and future pain and suffering; emotional distress; past and future lost wages; past medical costs and expenses; and future medical costs and expenses; and all other damages allowable by law.

42.

The Defendants are strictly liable for all resulting damages allowable under the law.

43.

Plaintiff hereby realleges paragraphs 1-42 of this Complaint and hereby incorporates them by reference as if fully set forth herein.

44.

**WHEREFORE,** Plaintiff respectfully prays for damages against the Defendant as follows:

(1)     For Plaintiff's compensatory, general and special damages in an amount that

the jury deems just and proper under the circumstances;

(2)     For the Plaintiff's costs and disbursements herein;

(3)     For prejudgment and post-judgment interest; and

(4)     For such other and further relief as the Court determines to be just and

proper.

Dated this ___10___ day of June, 2019.

HEIDEPRIEM, PURTELL, SIEGEL, &
HINRICHS, L.L.P.

BY _____

John R. Hinrichs
101 West 69th Street, Suite 105
Sioux Falls, SD 57108
(605) 679-4470
John@hpslawfirm.com

*Attorneys for the Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff hereby respectfully demands a trial by jury on all issues so triable.

_____
John R. Hinrichs

9